# UNITED STATES DISTRICT COURT

Middle District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Montrez Duncan | Case Number:  3:14CR00076-001 |
| | USM Number:  22403-075 |
| **Date of Original Judgment:**  1/3/2019 | James William Price, Jr. |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   Counts 1 and 2 of the Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951 | Conspiracy to Commit a Hobbs Act Robbery | 9/26/2012 | 1 |
| 18 U.S.C. § 1951 | Hobbs Act Robbery | 9/26/2012 | 2 |

The defendant is sentenced as provided in pages 2 through _____8_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/21/2022
Date of Imposition of Judgment

*Waverly D. Crenshaw, Jr.*
Signature of Judge

Waverly D. Crenshaw, Jr.         Chief US District Judge
Name and Title of Judge

4/22/2022
Date

DEFENDANT:   Montrez Duncan
CASE NUMBER:   3:14CR00076-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
300 months as follows:
Count I: 200 months; Count II: 100 months, each to be run consecutive to each other. The 300 month total term of imprisonment shall run concurrently with any state sentence.

☐   The court makes the following recommendations to the Bureau of Prisons:

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  Montrez Duncan
CASE NUMBER:  3:14CR00076-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

  3 years as to Counts 1 and 2, to run concurrently with each other.

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑  You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   Montrez Duncan
CASE NUMBER:   3:14CR00076-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____     Date  _____

DEFENDANT:  Montrez Duncan
CASE NUMBER:  3:14CR00076-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay restitution, jointly and severally with co-defendants Jovonte Fitzgerald, Victor Jones, and Raymond Wilson, and with related defendant Michael D. Alexander (Docket No. 3:17-cr-00024-1), in an amount totaling $6,000, to Derek Odom. The victim's address will be provided to the Clerk of the Court under separate cover. Payments shall be submitted to the Clerk, United States District Court, 801 Broadway, Nashville, TN 37203. Restitution is due immediately. If the defendant is incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Should there be any unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered. Pursuant to 18 U.S.C. § 3664 (k), the defendant shall notify the court and United States Attorney of any material change in economic circumstances that might affect ability to pay.

2. The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the United States Probation Office. The defendant shall pay all or part of the cost for substance abuse treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

3. The defendant shall participate in a mental health program as directed by the United States Probation Office. The defendant shall pay all or part of the cost of mental health treatment if the United States Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

4. The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

5. The defendant shall not contact Derek Odom either in person, or by telephone, mail, or a third party; and the United States Probation Office will verify compliance.

6. The defendant shall not be involved with gang activity, possess any gang paraphernalia or associate with any person affiliated with a gang.

7. The defendant shall be required to participate in an adult education program and prove consistent effort, as determined by the United States Probation Office, toward obtaining a General Equivalency Diploma (GED).

DEFENDANT:  Montrez Duncan
CASE NUMBER:  3:14CR00076-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ .  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Derek Odom | $6,000.00 | $6,000.00 | |

| **TOTALS** | $ 6,000.00 | $ 6,000.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for    ☐ fine    ☑ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:   Montrez Duncan
CASE NUMBER:   3:14CR00076-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☑  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

      See Special Conditions of Supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| Jovonte Fitzgerald (3:14-cr-00076-2)<br>Victor Jones (3:14-cr-00076-3)<br>Raymond Wilson (3:14-cr-00076-4) | $6,000.00 | $6,000.00 | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5)
fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution
and court costs.

DEFENDANT:   Montrez Duncan
CASE NUMBER:   3:14CR00076-001

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant numbers) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Michael D. Alexander<br>(3:17-cr-00024-1) | $6,000.00 | $6,000.00 | |

DEFENDANT:   Montrez Duncan
CASE NUMBER:   3:14CR00076-001
DISTRICT:   Middle District of Tennessee

# REASON FOR AMENDMENT
**(Not for Public Disclosure)**

**REASON FOR AMENDMENT:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R.Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R.Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s)to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☑ Direct Motion to District Court Pursuant to
   ☑ 28 U.S.C. § 2255 or   ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

DEFENDANT:   Montrez Duncan  
CASE NUMBER:   3:14CR00076-001  
DISTRICT:   Middle District of Tennessee

# STATEMENT OF REASONS
**(Not for Public Disclosure)**

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.

## I.   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A. ☑   **The court adopts the presentence investigation report without change.**

B. ☐   **The court adopts the presentence investigation report with the following changes:** *(Use Section VIII if necessary)*  
   *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report)*

   1. ☐   **Chapter Two of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐   **Chapter Three of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐   **Chapter Four of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐   **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

C. ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**  
   Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

## II.   COURT FINDING ON MANDATORY MINIMUM SENTENCE *(Check all that apply)*

A. ☐   One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

B. ☐   One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

   ☐   findings of fact in this case: *(Specify)*

   ☐   substantial assistance *(18 U.S.C. § 3553(e))*  
   ☐   the statutory safety valve *(18 U.S.C. § 3553(f))*

C. ☑   No count of conviction carries a mandatory minimum sentence.

## III.   COURT DETERMINATION OF GUIDELINE RANGE: *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level:   40  
Criminal History Category:   VI  
Guideline Range: *(after application of §5G1.1 and §5G1.2)*   360   to   480   months  
Supervised Release Range:   1   to   3   years  
Fine Range: $  25,000   to $  250,000

☑   Fine waived or below the guideline range because of inability to pay.

DEFENDANT:   Montrez Duncan
CASE NUMBER:   3:14CR00076-001
DISTRICT:   Middle District of Tennessee

# STATEMENT OF REASONS

IV.   **GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

    A. ☐    The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.

    B. ☐    The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*.
*(Also complete Section V)*

    C. ☐    The court departs from the guideline range for one or more reasons provided in the Guidelines Manual.

    D. ☑    The court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance). *(Also complete Section VI)*

V.   **DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

    A. **The sentence imposed departs:** *(Check only one)*
        ☐  above the guideline range
        ☐  below the guideline range

    B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*

      1.    **Plea Agreement**
          ☐  binding plea agreement for departure accepted by the court
          ☐  plea agreement for departure, which the court finds to be reasonable
          ☐  plea agreement that states that the government will not oppose a defense departure motion
      2.    **Motion Not Addressed in a Plea Agreement**
          ☐  government motion for departure
          ☐  defense motion for departure to which the government did not object
          ☐  defense motion for departure to which the government objected
          ☐  joint motion by both parties
      3.    **Other**
          ☐  Other than a plea agreement or motion by the parties for departure

    C. **Reasons for Departure:** *(Check all that apply)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | | ☐ | 5K3.1 | Early Disposition Program (EDP) |

  ☐  Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

    D.    **State the basis for the departure.** *(Use Section VIII if necessary)*

DEFENDANT:     Montrez Duncan
CASE NUMBER:     3:14CR00076-001
DISTRICT:     Middle District of Tennessee

# STATEMENT OF REASONS

**VI    COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

A.    **The sentence imposed is**: *(Check only one)*
    ☐   above the guideline range
    ☑   below the guideline range

B.    **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
    1.    **Plea Agreement**
        ☐   binding plea agreement for a variance accepted by the court
        ☐   plea agreement for a variance, which the court finds to be reasonable
        ☐   plea agreement that states that the government will not oppose a defense motion for a variance
    2.    **Motion Not Addressed in a Plea Agreement**
        ☐   government motion for a variance
        ☐   defense motion for a variance to which the government did not object
        ☑   defense motion for a variance to which the government objected
        ☐   joint motion by both parties
    3.    **Other**
        ☐   Other than a plea agreement or motion by the parties for a variance

C.    **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
    ☑   The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
        ☑   Mens Rea        ☑   Extreme Conduct        ☐   Dismissed/Uncharged Conduct
        ☑   Role in the Offense        ☐   Victim Impact
        ☐   General Aggravating or Mitigating Factors: *(Specify)* _____

    ☑   The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
        ☑   Aberrant Behavior        ☑   Lack of Youthful Guidance
        ☑   Age        ☐   Mental and Emotional Condition
        ☐   Charitable Service/Good Works        ☐   Military Service
        ☐   Community Ties        ☐   Non-Violent Offender
        ☑   Diminished Capacity        ☐   Physical Condition
        ☑   Drug or Alcohol Dependence        ☐   Pre-sentence Rehabilitation
        ☐   Employment Record        ☐   Remorse/Lack of Remorse
        ☐   Family Ties and Responsibilities        ☐   Other: *(Specify)*
        ☐   Issues with Criminal History: *(Specify)* _____
    ☑   To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
    ☑   To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
    ☑   To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
    ☐   To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
    ☐   To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*
    ☐   To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
    ☐   To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) *(Specify in section D)*
    ☐   To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
    ☐   Acceptance of Responsibility        ☐   Conduct Pre-trial/On Bond        ☐   Cooperation Without Government Motion for Departure
    ☐   Early Plea Agreement        ☐   Global Plea Agreement
    ☐   Time Served *(not counted in sentence)*        ☐   Waiver of Indictment        ☐   Waiver of Appeal
    ☐   Policy Disagreement with the Guidelines (*Kimbrough v. U.S.*, 552 U.S. 85 (2007)): *(Specify)* _____
    ☐   Other: *(Specify)* _____

D.    **State the basis for a variance.** *(Use Section VIII if necessary)*
    See Section VIII.

DEFENDANT:  Montrez Duncan
CASE NUMBER:  3:14CR00076-001
DISTRICT:  Middle District of Tennessee

# STATEMENT OF REASONS

## VII.  COURT DETERMINATIONS OF RESTITUTION

**A.**  ☐  **Restitution not applicable.**

**B.**  **Total amount of restitution: $**  6,000.00

**C.**  **Restitution not ordered:** *(Check only one)*

1.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3.  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).

5.  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).

6.  ☐  Restitution is not ordered for other reasons: *(Explain)*

**D.**  ☐  **Partial restitution is ordered for these reasons:** *(18 U.S.C. § 3553(c))*

## VIII.  ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE *(If applicable)*

For the reasons stated on the record, and after considering all of the § 3553(a) factors, the sentence of 300 months is imposed because it is sufficient, but not greater than necessary, to promote respect for the law and provide just punishment for the offense. See excerpt of sentencing hearing transcript, which is incorporated herein.

Defendant's Soc. Sec. No.:  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

Defendant's Date of Birth:  10/11/1982

Defendant's Residence Address:  3008 Stokers Lane
Nashville, Tennessee 37218

Defendant's Mailing Address:  3008 Stokers Lane
Nashville, Tennessee 37218

Date of Imposition of Judgment
4/21/2022

Signature of Judge

Waverly D. Crenshaw Jr. Chief US District Judge
Name and Title of Judge

Date:  4/22/2022

```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION

UNITED STATES OF AMERICA      )
                              )
                              )
VS                            )   No. 3:14-cr-076
                              )
MONTREZ DUNCAN                )
_____



                  EXCERPT OF PROCEEDINGS
                   SENTENCING HEARING


_____

BEFORE:     THE HONORABLE WAVERLY D. CRENSHAW, JR.

DATE:       April 21, 2022

TIME:       1:00 p.m.

_____

APPEARANCES:

FOR THE GOVERNMENT:        PHIL WEHBY
                           U.S. Attorney's Office
                           Nashville, TN

FOR THE DEFENDANT:         JAMES PRICE
                           Nashville, TN



_____

ROXANN HARKINS, RPR, CRR
Official Court Reporter
837-A U.S. Courthouse
Nashville, TN 37203
Telephone: 615-403-8314
```

1

2

3        THE COURT:  Okay.  Well, Mr. Duncan, as

4   you can tell, I've read through everything again.  And

5   to the best that I humanly could, I really tried to

6   start from a clean slate, but I will say as I begin to

7   read and reread the information, what brings us here

8   today is incredibly serious conduct.  We're here for

9   resentencing, so I again need to make sure you know

10   that my responsibility is to impose a sentence that's

11   sufficient but not greater than necessary to

12   accomplish the purposes of the sentencing laws.

13   That's first and foremost.

14        But what I'm here today, in doing that,

15   is I centrally look at behavior, what is the criminal

16   behavior that the jury found you guilty of, and then I

17   need to apply the sentencing laws.  So I look at your

18   actions, the things you did, the impact it had.  And

19   as I said, at the initial sentencing, one of the first

20   things I look at is the nature of the offense of

21   conviction that brings us here today.

22        When I look at what you've done and I

23   look at those you did it with, it is incredibly bad.

24   The word bad doesn't really describe it sufficiently.

25   This behavior that you and your codefendants and all

those as part of the conspiracy, involved conduct or
behavior that is among the worst.  You committed a
robbery, each of you together; each of you had a
firearm.  It was all about drugs and money.  And the
behavior that you engaged in, and others, involved
violence.  You put somebody in fear of their life.

And your behavior, in particular,
Mr. Duncan, is -- was critical to all this occurring
because you sort of planned it, you organized it, you
were the leader, you told others what to do.  You got
a larger share of the proceeds from the robbery.  So
when I look at behavior and keep focusing on, well,
what did Mr. Duncan really do, your culpability is at
the top of what all your other co-conspirators did.

So that means you take -- you have to
take more of the -- you're entitled -- the Court is
entitled to give you more of the responsibility for
the criminal activity that you and others engaged in.

As I said before and the proof remains
unchanged, you did not actually shoot Mr. Odom, but
from the proof we had before and that's part of this
record, you were very much a part of encouraging
Mr. Fitzgerald to do so.  And even at one point when
you had doubts about whether Mr. Odom was alive or
dead, you encouraged him to shoot him one more time

1    and make sure he was dead.  It's only because Mr. Odom

2    was able to escape that the charges here aren't even

3    more serious.  But nevertheless as I continue to focus

4    on behavior, all of this requires substantial

5    punishment.

6            And it's not lost on the Court that had

7    Mr. Fitzgerald done what you asked him to do and that

8    Mr. Odom heard you ask Mr. Fitzgerald to do, that is

9    indicative of punishment of the need for a strong

10   punishment.

11           So in summary when I look at the nature

12   and circumstances is I find it to be some of the most

13   serious criminal, violent drug-related,

14   firearm-related conduct that has come before the

15   Court.

16           But I can't stop at just the criminal

17   behavior.  You had other behavior before all this

18   occurred.  And the Court definitely is giving weight

19   to -- weight in your favor, mitigation, that your

20   upbringing was -- the word challenging doesn't do it

21   justice.  You really -- your upbringing was

22   unfortunate and probably led to where you are today,

23   and that's not your fault.

24           You're 39 years old; no -- no real work

25   history.  And Dr. McRainey testified and the Court

1    credits what she has in her report and testimony she

2    gave before that was based on her professional

3    judgment and based on the records, the medical

4    records, that early in your life you did suffer from

5    intellectual disabilities, what we call it now.  She

6    said it before we used to call it mental retardation.

7              And that occurred to you at a very early

8    age, age 11 and at age 13.  It was confirmed that you

9    were suffering from intellectual disability.  And the

10   sad thing is nobody -- nobody afforded you any

11   treatment.

12             So it was allowed to develop and grow and

13   work within your brain in a way that you didn't have

14   any control over.  It impacted your development, it

15   impacted your decision-making or lack thereof and

16   clearly it impacted the choices you made in your life.

17   So the Court recognizes that it's something that

18   impacted your behavior leading us to where we are

19   today.

20             But, again, I have to look at the

21   totality of your behavior and recognize that

22   notwithstanding the things that occurred to you that

23   were under your control and the things that occurred

24   to you that were beyond your control, the -- the

25   activity you engaged in, at some point you became

1  responsible for.  There's a lack of any kind of

2  precision at what age and what time that occurred, but

3  at some point you decided to engage in a lifetime of

4  criminal behavior.

5           And, indeed, your prior criminal conduct

6  and the convictions, numerous that they are, should

7  have, ought to have, and I have to assume did at some

8  point bring home to you that I'm engaging in behavior

9  that's not acceptable to society, that puts others at

10  risk and, in fact, puts you at risk.  But

11  nevertheless, you persisted in an ongoing pattern of

12  drug-related convictions that involve -- that

13  compromise the safety of society, the public, yourself

14  in serious and repeated ways.

15           So what I see is a lifetime of criminal

16  behavior, beginning at age 19 and bringing you here 20

17  years later now at age 39.  I have to come back to the

18  theme of behavior because that's what I have to look

19  at.  When you were -- when I first sentenced you,

20  Mr. Price is right, you were serving a felony

21  conviction in state court, and that's -- and you've

22  received parole and that's scheduled to expire.

23           But one of the things that's in the

24  presentence report that struck me because, again, I

25  was trying to, as best as I humanly can, is to give

1  you -- you know, am I missing something here in his

2  behavior.  And when I went -- when I look at the

3  presentence report and in particular paragraph 57, you

4  know, after my sentence -- yeah, January the 3rd,

5  2019, I was disappointed to see that while you were in

6  state custody in August of 2019, that was at least the

7  allegation of disciplinary action taken against you

8  for defiance.  Then it occurred again in December --

9  I'm sorry, August of 2019.  And then it occurred again

10  in December of 2019, disciplinary action against you

11  for possession and use of a cellular telephone.  And

12  then yet again in March of 2020 you refused to

13  participate.

14          So even -- even recently and since the

15  last sentence there's still this continuing pattern of

16  disrespect to the law, disrespect to authority, and

17  that -- I've taken that into consideration in terms of

18  what the sentence should be.

19          So all of that tells me that there is a

20  strong need, much weight needs to be given by me to

21  deterrence.  And general deterrence here, as well as

22  specific deterrence.  Because as a general matter, we

23  do want to send a message for people who engage in as

24  much criminal behavior as you have, that's just not

25  acceptable.  And at some point you just need to know,

1    you proceed at your own risk and to your own

2    detriment.  So I want to send a message to others not

3    to do that.

4              And then specific deterrence for you that

5    at some point you have to be held accountable and have

6    to be punished.  I think you have to be punished to

7    protect the public.  And I think you have to be

8    punished to protect yourself.  So you can at least

9    attempt to moderate your behavior going forward so it

10   doesn't cause you harm and injury.

11             The other factor -- I've already talked

12   about the guideline range and, of course, it's capped

13   by the statutory maximum.  But the last thing that I

14   want to mention is the -- and I sort of alluded to it

15   before is I think I have to impose a sentence that

16   protects the public from you.  I agree that at some

17   point the sentencing commission tells all of us, tells

18   the government, tells Mr. Price, tells the Court that

19   the pure fact of age is going to have an impact on

20   you, it's going to slow you down, it slows us all

21   down.  And your criminal behavior will change and

22   modify there.

23             But everybody doesn't have sort of the

24   egregious and prolonged armed violence and criminal

25   history that you come before the Court with.  Not just

what you did to Mr. Odom and I can only -- and he was
here the last time, so I heard from him how it
impacted him and his life.

But then I look back over the other
incidents, not just the matter of the jail altercation
that resulted in a conviction, but, Mr. Duncan, I've
got an assault here in your history, I have an assault
of you striking a woman on the head.  I've got
instances here of you fleeing from police, putting
yourself in danger, putting the police in danger, the
public in danger.  And please -- we all know that
drugs are -- can be and often are lethal.  So my
sentence needs to address that as well.

I'll quickly add, though, that while I
recognize, respect and have given weight to the
guideline, the guideline range does not take away any
points for what is clearly a documented history of
untreated intellectual disability.  The guideline
doesn't take away any points for your challenging
childhood that you had no control over.  And the
guidelines -- that part of your life are a poor
measure of what the appropriate sentence should be.

So I've tempered my sentence, recognizing
the limitations of the guidelines.  The record here
reflects accurately that you've been deemed a career

offender. So, Mr. Duncan, after much thought and
attempt to balance all of this and with the focus
being on what your behavior was, as I've tried to
summarize it in my statement of reasons and following
the factors, I'm going to commit you to the custody of
the attorney on Count One for 200 months, to run
consecutive with a -- to Count Two, a hundred months.
I will impose a five-year supervised release.

During that time you'll need to pay
restitution as I did for your codefendants to Derrick
Odom, this will be jointly and severally, of $6,000;
participate in drug testing and substance abuse
treatment; participate in mental health program, all
of which are more than factually supported in the
presentence report; furnish financial records; not
contact Mr. Odom either in person directly or
incorrectly, by any means; not be involved in any gang
activity; and participate in adult education to at
least get your GED.

I'm going to impose the mandatory and
standard conditions of supervised release that
includes not engaging in any other unlawful behavior.

I will not impose a fine because I
determined you're financially unable to pay the fine,
but I have to impose the special assessment of $100

1    for each of the two counts for a total of $200.  The

2    restitution amount has been set.  And forfeiture's not

3    an issue.

4              Anything else, Mr. Price, in terms of

5    special requests?

6              MR. PRICE:  You haven't addressed the

7    issue of whether it's consecutive or concurrent with

8    the state case.

9              THE COURT:  Oh, with the State case.

10   Count One and Two sentence will run consecutive, all

11   to run concurrent with his State case.

12             MR. PRICE:  All right.

13             MR. WEHBY:  Is that concurrency,

14   Your Honor, as of today?

15             THE COURT:  On his State matter?

16             MR. WEHBY:  Correct.

17             THE COURT:  Yes.

18             MR. WEHBY:  Because I know he's on

19   parole.

20             THE COURT:  Right.  Any other questions?

21             MR. PRICE:  Well, Your Honor, first of

22   all, he's been on parole since September or -- two or

23   three months ago, not as of today.  So --

24             THE COURT:  And I don't think I can -- I

25   don't think I can do it prior to today because today's

1  the date of sentencing.

2            MR. PRICE:  What I'm saying is that he

3  was released on parole.  He was kept in federal

4  custody on a hold in a state prison for a while, and

5  then earlier this year he was brought -- the marshals

6  took him in into federal custody.  So he's effectively

7  been in federal custody from the time he was granted

8  parole because there was a hold on him in state court

9  and they would have released him had it not been for

10 the parole.  At least he should be --

11           THE COURT:  I don't know if I disagree

12 with anything you said.

13           MR. PRICE:  Okay.  I'm just saying he

14 should go credit at least going back to the date that

15 he got paroled.

16           THE COURT:  Oh, on his state sentence?

17           MR. PRICE:  Yes, because he would have

18 been free at that point.

19           MR. WEHBY:  I think that'd just be --

20           THE COURT:  I don't know if I'm being

21 clear.

22           MR. PRICE:  Your Honor, the defendant

23 always gets credit for time in custody.

24           THE COURT:  Yeah.  Whether I say it or

25 not, he always gets credit for that.

1            MR. PRICE:  I'm sorry?

2            THE COURT:  I agree.

3            MR. PRICE:  Oh, okay.

4            THE COURT:  He always does.

5            MR. PRICE:  I guess I misunderstood.

6            THE COURT:  Well, let me just be even

7    clearer.  On January the 3rd, 2019, I imposed that

8    first sentence.  I think he was in custody before

9    that.

10            MR. PRICE:  That's right, that's right.

11            THE COURT:  I think he was in federal

12    custody before that.

13            MR. PRICE:  That's right.  I thought you

14    said as of today.

15            THE COURT:  No.  Correct me, now,

16    Mr. Wehby.

17            MR. WEHBY:  I'm pretty positive,

18    probation may weigh in, he had been writted in because

19    he was in state custody during the pendency of this

20    federal case.

21            THE COURT:  Let's see here.  Oh, he was

22    in state custody.

23            MR. WEHBY:  Correct, because obviously

24    he'd committed the murder while he was in state

25    custody, so he was still serving state time.

1          THE COURT:  Oh, yeah.  So on August the

2    18th, 2016, he was returned to federal custody and

3    continuously detained on writ from the state.

4          MR. WEHBY:  And I think he was

5    transferred into federal custody looks on January the

6    12th of this year.  I think it's up to the BOP to

7    determine what credits, if any, prior to that he would

8    receive.

9          THE COURT:  Well, it took the state from

10   December the 22nd, 2021, to January 10 to officially

11   release him.

12         MR. WEHBY:  Right.

13         THE COURT:  And then he came into federal

14   authority since January 10, 2020 (sic).  Yeah, he –– I

15   think BOP –– I mean, it's up to them, but my

16   understanding is he gets credit for that.

17         MR. PRICE:  Yeah.  I was just saying,

18   Your Honor, he would have been released had they not

19   had a federal hold on him December, so they kept

20   him –– he was basically in the state, but he was still

21   in federal custody at that time.  Plus he should

22   get ––

23         THE COURT:  Yeah, January the 10th, 2022.

24         MR. PRICE:  No, December –– from the date

25   that he was ––

1          THE COURT:  Oh, from the date you're
2    saying he was paroled.  Yeah, that's -- I'll just say
3    that's beyond -- I've long since tried to stop
4    understanding the state criminal laws.
5          MR. PRICE:  Plus, Your Honor, I have
6    no --
7          THE COURT:  That is whatever the Bureau
8    of Prisons says it is.
9          MR. PRICE:  Right.  And he would get
10   credit while he was on writ here, even though he was
11   at the state.
12         THE COURT:  You know, I'm going to
13   defer -- I used to think that was correct, but over
14   the years I've learned that that was not correct.  So
15   I'm going to let you and the Bureau of Prisons
16   determine that because even when they come over here
17   on writ, they're technically still in state custody.
18   I'm just -- I'm just -- for lack of a better term, I'm
19   barring him from the state and then I return him back
20   because they're first.
21         Now, Mr. Wehby, what do you think?
22         MR. WEHBY:  Well, I think -- I was going
23   to say, obviously the BOP will make the determination
24   as to what credit he's entitled to, but at this point
25   when he came back once Your Honor vacated the sentence

1  that was imposed, he was not under a sentence.  So he

2  was -- all the time he was in state custody.

3              THE COURT:  I only vacated Count Three.

4  I guess you're right, he had to still come back for

5  resentencing.  But he was being held at that point by

6  me.  So I would think he would get credit, but I'll

7  defer to the BOP.

8              MR. PRICE:  I understand, Your Honor.

9              THE COURT:  But if -- your point being

10 that had it not been for the federal charges when he

11 was paroled, he would --

12             MR. PRICE:  Been on the street.

13             THE COURT:  Been on the street.  Because

14 he was not, because of the federal charges, he was not

15 on the street.  And at that point I think you're

16 right, you've got a good argument to BOP, he's

17 entitled to credit.

18             MR. PRICE:  Thank you, Your Honor.

19             THE COURT:  All right.  Does the

20 government have any objections to the sentence that

21 haven't otherwise been expressed?

22             MR. WEHBY:  Your Honor, the total

23 sentence is 300 months followed by five years of

24 supervised release; is that correct?

25             THE COURT:  Correct.

1          MR. WEHBY:  No objection.

2          THE COURT:  Mr. Price.

3          MR. PRICE:  It effectively is the same

4    sentence as before, just fashioned a different way.

5          THE COURT:  It is.  Because I'm

6    sentencing the same behavior.

7          All right.  So the sentence is imposed.

8    Mr. Duncan, you have a right to appeal.

9    Generally that's 14 --

10          MR. WEHBY:  Your Honor, probation officer

11    had something.

12          PROBATION:  I'm sorry.  Did you say five

13    years of supervised release?

14          THE COURT:  I'm sorry, three.  Three.

15          PROBATION:  I wanted to make sure.  Thank

16    you.

17          THE COURT:  Three.  You have the right to

18    appeal.  That's 14 days from when the judgment enters,

19    and it will probably be tomorrow before I can get that

20    done.  If you tell Mr. Price you want to appeal, he'll

21    do so.  I'm going to hand you a form notice that you

22    can use to appeal.  And I would strongly urge you to

23    talk to a lawyer before you exercise your appeal

24    rights.

25          Do you have any questions about your

1  appeal rights?

2          THE DEFENDANT:  No, sir.

3          THE COURT:  Okay.  And I think you told

4  me earlier your mother is here in the audience?

5          THE DEFENDANT:  Yes, sir.

6          MR. PRICE:  She was supposed to be here.

7  I didn't see her beforehand.

8          THE COURT:  Yeah.  So under the guidance

9  of the marshals, I'd like for you to have a few

10  minutes to talk to her.  Thank you.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    **REPORTER'S CERTIFICATE**

3

4          I, Roxann Harkins, Official Court Reporter

5   for the United States District Court for the Middle

6   District of Tennessee, with offices at Nashville, do

7   hereby certify:

8          That I reported on the stenotype shorthand

9   machine the proceedings held in open court on

10  April 21, 2022, in the matter of UNITED STATES OF

11  AMERICA VS. MONTREZ DUNCAN, Case No. 3:14-cr-076;

12         That an excerpt of proceedings in connection

13  with the hearing was reduced to typewritten form by

14  me;

15         That the foregoing transcript is a true and

16  accurate record of the proceedings to the best of my

17  skills and abilities;

18         This the 21st of April, 2022.

19

20                       s:/ Roxann Harkins_____
                         ROXANN HARKINS, RPR, CRR
21                       Registered Professional Reporter
                         Licensed Court Reporter
22

23

24

25